**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| NANCY C. WARRENDER, | DOCKET NUMBER |
| Appellant, | DC-0845-15-1135-I-1 |
| v. | |
| OFFICE OF PERSONNEL MANAGEMENT, | DATE: December 16, 2016 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Nancy C. Warrender</u>, Burlington, North Carolina, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which affirmed as modified the reconsideration decision of the Office of Personnel Management (OPM) reconsideration decision finding that she had been overpaid $51,348.00 in civil service annuity benefits under the Federal Employees' Retirement System (FERS) and denying her request for a waiver of the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

overpayment. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    By notice dated January 10, 2006, OPM notified the appellant that her disability retirement application was approved. Initial Appeal File (IAF), Tab 7 at 9. This notice advised the appellant that she must apply for Social Security Administration (SSA) disability benefits, and if those benefits are approved she immediately must notify OPM of the amount of the payment and the effective date of payment. *Id.* In a letter dated January 16, 2006, OPM again notified the appellant that OPM is required to deduct all or a part of the SSA disability benefits from the FERS disability benefits paid to her and that she was required to notify OPM of the status of her application for SSA benefits. *Id.* at 12. This letter expressly advised the appellant that, if she were overpaid FERS disability benefits because of receipt of SSA disability benefits, OPM would notify her of the overpayment and she legally would be required to repay this money to OPM. OPM advised the appellant to set aside any SSA retroactive payment "so that you have sufficient funds to repay your duplicate payment." *Id.*

¶3      By notice dated March 16, 2015, OPM notified the appellant that it had determined that she became entitled to SSA benefits, effective August 1, 2009, and that she had been overpaid $51,348.00 in civil service annuity benefits for the period August 1, 2009, through February 30, 2015. *Id*. at 42. OPM further notified the appellant that the repayment would be recovered in monthly installments, provided her a proposed collection schedule, and provided the opportunity to request reconsideration. *Id*. at 42-43. The appellant requested reconsideration, and OPM issued a decision dated August 4, 2015, affirming its initial decision. OPM specifically determined that the amount of the overpayment was accurate, that the appellant failed to substantiate that collection would cause her financial hardship, and that she was ineligible for waiver of the overpayment because she should have set aside the funds for repayment to OPM. *Id*. at 33-34. In addition, OPM found that recovery would not be against equity and good conscience. *Id*. Accordingly, OPM established a repayment schedule of 150 monthly installments of $341.16 and one final installment of $174.00.

¶4      On appeal, the appellant stated that OPM has reduced her annuity to such an extent that she cannot pay rent and that she now qualifies for Federal nutritional assistance. She asserted that she still suffers from the disabilities underlying her disability retirement in 2004, among other medical conditions. IAF, Tab 1 at 13. OPM responded that the appellant was advised at least twice of the consequences of receiving SSA benefits and her legal obligation to set aside any retroactive SSA benefit award to offset the FERS overpayment she had received, and that, under the set-aside rule, waiver of collection is not available, absent exceptional circumstances, which are not present in this case. IAF, Tab 7 at 4-6. OPM also determined, based upon the appellant's September 1, 2015 Financial Resources Questionnaire (FRQ), that after a $50.00 expense allowance, the appellant's monthly income exceeded her expenses by $335.00. In doing so, OPM reduced the appellant's monthly food expense from $900.00 to $310.00, finding that $900.00 per month for food for one person is excessive.

¶5    Because the appellant withdrew her hearing request, the administrative judge based his decision upon the written record. IAF, Tab 28, Initial Decision (ID) at 1. The administrative judge found that OPM established the existence and amount of the overpayment and that the appellant did not establish her eligibility for waiver of the overpayment. However, because the administrative judge found that the appellant provided evidence showing that she now bears fairly significant financial hardships, he adjusted OPM's repayment schedule downward to 342 installments at $150.00, and a final installment of $48.00. ID at 11. In addition, the administrative judge advised the appellant that, if she experiences any financial crisis in the future, she could file a mid-collection request to OPM for lower payments. ID at 11-12.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶6    The appellant has not challenged the administrative judge's determination that OPM established the existence and amount of the overpayment, and we affirm that determination. On review, however, the appellant reasserts that she was not at fault in creating the overpayment, and she contends that the overpayment should be waived because of her financial situation.[2] Petition for Review (PFR) File, Tab 1 at 2-3. Thus, we construe the appellant's petition for review as a challenge to the administrative judge's determination that she is not entitled to a waiver of the collection of the overpayment.[3]

¶7    To be entitled to a waiver, an appellant must show by substantial evidence that: (1) she was without fault in creating the overpayment; and (2) recovery of

---

[2] She also contends that no overpayment occurred because she needed the money for her basic needs, medical care, and medications, and that the funds were direct deposited by OPM into her bank account. She asserts that "the payment process and direct deposits were nothing I had any control over or I would have selected larger deposits." PFR File, Tab 1 at 3.

[3] On November 15, 2016, several months after filing her petition for review, the appellant filed an additional pleading. PFR File, Tab 11. Because the appellant failed to first request leave from the Clerk of the Board as required by 5 C.F.R. § 1201.114(a)(5) prior to filing her additional pleading, we have not considered it.

the overpayment would be against equity and good conscience. 5 U.S.C. § 8470(b); *Zucker v. Office of Personnel Management*, 114 M.S.P.R. 288, ¶ 7 (2010); 5 C.F.R. §§ 845.301, 845.307(b).

¶8        A recipient of an overpayment is without fault if she "performed no act of commission or omission that resulted in the overpayment." 5 C.F.R. § 845.302. Here, the administrative judge found that, because OPM notified the appellant of the consequences of SSA's approval of her application for disability benefits, she failed to establish that she was without fault with respect to the overpayment. ID at 8. We agree. As the administrative judge correctly noted, a relevant factor in determining whether an annuitant is at fault is if she received a payment that she should have known was erroneous. ID at 8; *see James v. Office of Personnel Management*, 72 M.S.P.R. 211, 217-19 (1996); 5 C.F.R. § 845.302(a)(3). As stated above, OPM notified the appellant of the consequences of SSA's approval of her application for SSA disability benefits. IAF, Tab 7 at 9-16. Thus, the appellant knew or should have known that the payment she received was erroneous.

¶9        Further, the administrative judge correctly determined that even if the appellant were not at fault, she failed to establish that recovery of the overpayment would be against equity and good conscience. ID at 8. Generally, recovery is against equity and good conscience when it would cause financial hardship from whom it is sought, the recipient can show that, because of the overpayment, she relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances. 5 C.F.R. § 845.303. However, individuals who know or suspect that they are receiving overpayments must set aside the amount overpaid pending recoupment. IAF, Tab 8 at 64, *Policy Guidelines on the Disposition of Overpayments under the Civil Service Retirement System and Federal Employees' Retirement System* § I.C.4 (1995) (Policy Guidelines). When, as here, the set-aside rule applies, recovery by OPM is not against equity and good conscience and cannot be waived absent exceptional circumstances, which do not include financial hardship.

*James*, 72 M.S.P.R. at 217. Having identified no exceptional circumstances other than alleged financial hardship, we agree with the administrative judge that the appellant failed to establish her entitlement to a waiver of the overpayment.

¶10    As the administrative judge correctly found, however, although financial hardship does not constitute a basis for outright waiver of the debt collection, an appellant is entitled to an adjustment of OPM's repayment schedule when she shows that recovery under that schedule would cause her financial hardship. *James*, 78 M.S.P.R. at 217-19; 5 C.F.R. § 845.304. The administrative judge thoroughly reviewed the appellant's income and expenses, including the information the appellant provided on the FRQ, and found that she provided evidence with her appeal showing that she now bears fairly significant financial hardships. Consequently, the administrative judge adjusted the appellant's repayment schedule to 342 installments at $150.00 and one final installment of $48.00. OPM does not contest the administrative judge's determination to do so on review, and we find no basis to disturb it.

¶11    The appellant also claims that the administrative judge erred in finding that OPM recommended that she hold that award until such time as it notified her of the amount of her overpayment so she would have sufficient funds to repay the duplicate payment. PFR, Tab 1 at 3; ID at 3. The record evidence clearly establishes otherwise. IAF, Tab 7 at 9-15. The appellant received two notices from OPM dated January 10, 2006, and March 16, 2006, both of which explicitly advised the appellant that she was required to set aside the SSA checks to repay OPM for the reduction, which should have been made in the FERS annuity. *Id*. Indeed, the appellant even responded to the OPM notification dated March 16, 2006, and advised OPM that she had filed a reconsideration appeal of the initial denial of her SSA benefits. *Id*. at 14-15. Thus, we find no merit to this argument.

¶12    To the extent the appellant may be requesting a further adjustment of her repayment schedule due to changes in her expenses, as the administrative judge correctly advised her, any such request for further adjustment of the repayment

schedule should be addressed to OPM, as provided by section V(F)(5) of OPM's Policy Guidelines. *See Martin v. Office of Personnel Management*, 49 M.S.P.R. 134, 137 (1991), *aff'd*, 960 F.2d 156 (Fed. Cir. 1992) (Table). Accordingly, we find no basis upon which to disturb the initial decision.

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.

The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.